IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL VESCI,**

    **Plaintiff,**

vs.                                          **CASE NO.:**

**ROSS DRESS FOR LESS, INC.**

    **Defendant.**

_____/

## COMPLAINT

**COMES NOW,** Plaintiff, MICHAEL VESCI, by and through his undersigned counsel, sues the Defendant, ROSS DRESS FOR LESS, INC. and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, *et seq.* and the Americans With Disabilities Act Amendments of 2008 ("ADAAA")

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, MICHAEL VESCI (hereinafter as "Vesci" or "Plaintiff"), is a resident of Pasco County, Florida at all times material and was an employee of Defendant within the meaning of the Family and Medical Leave Act (FMLA).

4. Defendant, ROSS DRESS FOR LESS, INC. (hereinafter as "Ross"), is a foreign corporation authorized and doing business in this Judicial District.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to bringing this action have occurred.

6. On August 20, 2021, Plaintiff, Michael Vesci, filed a timely Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

7. A Right to Sue was issued on September 28, 2021. Plaintiff intends to amend his complaint to add claims of Chapter 760 once he has complied with administrative prerequisite.

## FACTUAL ALLEGATIONS

8. Plaintiff, Michael Vesci, began his employment with Ross on or about August 27, 2018 as an Area Loss Prevention Manager.

9. Sedgwick Claims Management Services, Inc., is Ross' medical benefits provider.

10. On or around August 1, 2019, Plaintiff submitted personal health information to Sedgwick describing his serious health condition for the purpose

of obtaining FMLA benefits.

11. Several weeks later Defendant Ross and Sedgwick, improperly published Plaintiff's private health information to numerous employees of Ross.

12. Upon learning that his confidential health information was published to numerous employees Plaintiff's health condition began to further deteriorate.

13. Plaintiff complained about the dissemination of his confidential health information which violated both the FMLA and the ADDA.

14. Following Plaintiff's objection to the breach of his FMLA and ADAA rights of confidentiality he was treated less favorably and eventually terminated on August 24, 2020 for an improper reason.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

15. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 14.

16. Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

17. Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months and had at least 1,250 hours of service for the Defendant during twelve (12) months immediately preceding his FMLA leave.

18. Defendant is a covered employer under the FMLA in that it had fifty (50) or more employees in twenty (20) or more work weeks in the current or preceding calendar year.

19. Plaintiff is a covered employee as he suffered from a serious health condition within the meaning of FMLA.

20. Defendant's actions interfered with Plaintiff's lawful exercise of his FMLA rights. Specifically, Defendant's inappropriate disclosure of personal health information.

21. As a result of Defendant's unlawful actions Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, MICHAEL VESCI, prays for judgment against the Defendant, ROSS DRESS FOR LESS, INC., for the following damages:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Attorneys' fees and costs;

    f. Injunctive relief; and

    g. For any other relief this Court deems just and equitable.

## COUNT II
## FAMILY AND MEDICAL LEAVE ACT - RETALIATION

22. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 14.

23. Defendant retaliated against Plaintiff in violation of the FMLA after he complained that Defendant interfered with his FMLA rights and/or because of Plaintiff's request for time off and utilization of qualified FMLA leave was a substantial or motivating factor that prompted Defendant to terminate Plaintiff.

24. Defendant's actions constitute a violation of the FMLA.

25. As a result of Defendant's actions Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, MICHAEL VESCI, prays for judgment against the Defendant, ROSS DRESS FOR LESS, INC., for the following damages:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Attorneys' fees and costs;

    f. Injunctive relief; and

    g. For any other relief, this Court deems just and equitable.

## COUNT III
## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA") DISABILITY DISCRIMINATION

26. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 14.

27. Plaintiff is an individual entitled to protection under the Americans With Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

28. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of his job with Defendant.

29. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of his disability.

30. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

      a. Back pay and benefits;

      b. Interest on back pay and benefits;

      c. Front pay and benefits;

      d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

   e. Punitive damages;

   f. Pecuniary and non-pecuniary losses;

   g. Attorney's fees and costs; and

   h. For any other relief, this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

31. Plaintiff, MICHAEL VESCI, request a jury trial on all issues so triable.

Dated this 20th day of December 2021.

        **FLORIN GRAY BOUZAS OWENS, LLC**

        */s/Christopher D. Gray*
        **CHRISTOPHER D. GRAY, ESQUIRE**
        Florida Bar No.: 902004
        Primary:  chris@fgbolaw.com
        Secondary:  debbie@fgbolaw.com
        **WOLFGANG M. FLORIN, ESQUIRE**
        Florida Bar No.: 907804
        wolfgang@fgbolaw.com
        16524 Pointe Village Drive, Suite 100
        Lutz, FL 33558
        Telephone (727) 254-5255
        Facsimile (727) 483-7942
        Attorneys for Plaintiff